JAN I. GOLDSMITH, City Attorney
DANIEL F. BAMBERG, Assistant City Attorney
DONALD F. SHANAHAN, Lead Litigation Attorney
California State Bar No. 49777
    Office of the City Attorney
    1200 Third Avenue, Suite 1100
    San Diego, California 92101-4100
    Telephone: (619) 533-5800
    Facsimile: (619) 533-5856
Attorneys for Defendants
Ariel Savage and Justin Mattly

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SGT. JAVIER COTA, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, CHIEF OF POLICE WILLIAM LANSDOWNE, ASSISTANT CHIEF BOYD LONG, SDPD OFFICER ARIEL SAVAGE, SDPD OFFICER JUSTIN MATTLY, SDPD SERGEANT, SDPD SGT. C.M. SAROT, SDPD LT. DAN CHRISTMAN SDPD SGT. BRET RIGHTHOUSE, and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 12cv0998 BAS (JLB)<br><br>**DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CHARACTER EVIDENCE AND EVIDENCE OF OTHER ACTS [NO 3 OF 7]**<br><br>Date: May 11, 2015<br>Time: 10:30 a.m.<br>Judge: Hon. Cynthia Bashant<br>Court Room: 4B (Schwartz) |

## I

## INTRODUCTION

This case involves a claim for civil rights violations filed by Plaintiff, Javier Cota. The defendants are Officer Justin Mattly and Officer Ariel Savage.

This case stems from an incident that occurred on June 4, 2011, at approximately 2:54 a.m., in the Gaslamp District of downtown San Diego, California, resulting in Javier Cota's arrest for public intoxication. Plaintiff alleges violations of the Fourth Amendment to the United States Constitution, as well as State law claims for assault, battery, and false arrest.

1

After stopping to investigate two apparently intoxicated women who were attempting to enter a motor vehicle, the plaintiff began yelling at and berating the police officers, "stop being such dipshits." After the Plaintiff refused to leave the area and continued to interfere with the police officers ability to effectuate their duties, Officer Mattly asked Plaintiff to step out of the pedicab and was placed under arrest.

Defendants hereby move this Court *in limine* for an order compelling Plaintiff Cota, Plaintiff's counsel, and any witnesses called on Plaintiff's behalf to refrain from presenting or offering any statements, comments, or arguments to the jury or to attempt to convey to the jury in any manner whatsoever, the character of Officer Savage or a trait of his character, whether in the form of an opinion, evidence of reputation, or evidence of specific instances of conduct.

This motion is made on the grounds that such evidence is inadmissible pursuant to Rules 403 and 404, Federal Rules of Evidence.

# I
# FACTS

In his Pretrial Disclosure Statement filed March 9, 2015, Plaintiff listed a witness Dante Harrell and his proposed testimony as "Plaintiff who won $450,000 after MSJ granted on his behalf when Savage and other SDPD falsely arrested him."

The genesis of the claim is based upon an arrest of Harrell on March 30, 2010. While on patrol, Officer Savage and his partner spotted Robinson and Harrell as they drove past Officer Savage's patrol car going the opposite direction. As Robinson's and Harrell's vehicle drove past their patrol car, Officer Savage asked Officer McClain to run [that vehicles plate] with Dispatch. The result of that search showed the license plates displayed were registered to a different make and model vehicle, indicating that the vehicle in question is likely illegally registered and/or stolen. (Ex. A)

Shortly thereafter, Officer Savage initiated a traffic stop based on his suspicion of that motor-vehicle was operating with improper registration. However, at some point after the traffic stop was initiated, but prior to making contact with the vehicle's occupants, Officer McClain realized he mistakenly entered the license plates information in the search, and informed Officer Savage that, when the correct information was entered into the search, the license plate being displayed matched the vehicles registration information with the State, indicating that the suspicion upon which the stop was effectuated no longer existed. After informing the vehicle's occupants of the reason for their (mistaken) stop, asked the driver for his driver's license, registration[,] and proof of insurance. Officer Savage stated that his request for the driver's license, registration, and proof of insurance was done for the purpose of verifying "compliance with operating a vehicle on the road." (Ex. A)

Moreover, both Officer Savage and Officer McClain stated that their subjective belief was that re-checking the plate did not conclude the investigation because they would need to check and verify the VIN number to conclude the investigation. (Ex. A)

After obtaining Harrell's license and registration and returning to the patrol car, Officer Savage asked Officer McClain to obtain the passengers information so that he could write a ticket to the owner of the vehicle. Officer McClain stated that he approached the passenger side window and began asking for the passengers identification. When those requests went unanswered and/or ignored, Officer McClain reached in through the open window, placed his hand on Robinson's shoulder, informed Robinson that she was under arrest and to get out of the car. Officer McClain stated that Harrell actively obstructed his attempts to unlock the car door, causing McClain to seek assistance from Officer Savage. At that time Officer McClain removed Harrell's hand from the passenger door lock and unlocked the door. Harrell then threw his arm around Robinson, holding her against himself. Despite verbal commands ordering Harrell to let go of Robinson

3

and verbal commands ordering Robinson to get out of the car, neither complied. Officer Savage began struggling with Harrell and Officer McClain then deployed OC spray at Harrell and Robinson, before returning to the vehicle and calling for backup. (Ex. A)

When additional officers arrived, two officers pulled Robinson from the car and ordered her to get on the ground. When Robinson did not comply, Officer McClain took Robinson to the ground where she was cuffed and then put in a police car. Officer Savage and Officer Sacco then approached the driver's side of the vehicle to remove Harrell, but Harrell kicked Officer Sacco in the right leg and Officer Savage in the left index finger. Subsequently, Officer Sacco used his Taser to drive stun Harrell in the middle of the back. When Harrell continued to kick, Officer Savage then used his Taser and struck Harrell in the rear lower waist and buttocks area which stunned him, allowing Harrell to be taken into custody without further incident. (Ex. A)

Summary Judgment Motions were filed by all the parties. The District Court issued its Order on January 19, 2014. The Court found the Officer McClain arrested Plaintiff Robinson and Officer Savage assisted in the arrest of Defendant Harrell. The District Court denied Plaintiff Harrell's claim that his arrest was without probable cause and found it was a fact for the jury to decide. (Ex. A)

## II

**CHARACTER EVIDENCE IS INADMISSIBLE IN A CIVIL CASE TO PROVE A PERSON ACTED OR CONDUCTED HERSELF IN CONFORMITY WITH SUCH CHARACTER**

Federal Rules of Evidence, Rule 404, provides in relevant part:

(a) Evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion ….

(b) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity

4

therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident . . . .

Rule 404 "*preclude[es]* the admissibility of *any type* of character evidence to prove *conduct* in a civil case." 2 Jefferson, Evidence Benchbook § 33.3, pps. 1178-1179 (2d Ed. 1982) (Emphasis in original). "Character evidence is normally not admissible in a civil rights case." *Gates v. Rivera*, 993 F. 2d 697, 700 (9th Cir. 1993). An attempt by Plaintiff to prove that Officer Savage had a propensity or disposition to engage in a certain type of conduct (whether the evidence is personal-opinion evidence, reputation evidence, or evidence of specific acts) is prohibited by Rule 404.

Justice Jefferson in his Evidence Benchbook sets out a hypothetical situation similar to the case at bar. In the hypothetical case, A sues X for damages resulting from assault and battery. One of the parties calls a witness to testify that the opposing party has a reputation for being quick to start a fight and that it is also the opinion of the witness that such party is quick to start a fight. An inadmissible character evidence objection is made which Jefferson says should be sustained on the ground that such testimony is character evidence which is expressly prohibited in an attempt to prove conduct. 2 Jefferson, "Evidence Benchbook § 33.3, pps. 1179-1180 (2d Ed. 1982).

Any evidence of other acts of alleged misconduct on the part of Officer Savage, either before or after the incident involving Plaintiff, could only be used in attempt to show that the officer had a propensity to be make false arrests, use excessive force, and that he acted in accordance with that character trait on this particular occasion. Such evidence is character evidence which is inadmissible under Rule 404. *See Berkovich v. Hicks*, 922 F. 2d 1018, 1022 (2nd Cir. 1991).

///

///

Therefore, evidence that on March 30, 2010, or on other occasions, Officer Savage allegedly engaged in acts that were aggressive, forceful, belligerent, or that he otherwise acted improperly is inadmissible to prove conduct in this case.

## III
### THE EXCEPTIONS IN RULE 404(B) ARE LIMITED IN THEIR APPLICATION AND DO NOT APPLY I NTHE INSTANT CASE

Under Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs, or acts may be admissible "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The "other acts" evidence is admissible under Rule 404(b) only under limited circumstances: "(1) [T]here must be sufficient proof for the jury to find that the defendant committed the other act; (2) the other act must not be too remote in time; (3) the other act must be introduced to prove a material issue in the case; and (4) the other act must, in some cases, be similar to the offense charged." *Duran v. City of Maywood*, 221 F. 3d 1127, 1132-1133 (9th Cir. 2000). *See also Bibo-Rodriguez*, 922 F. 2d 1398, 1400 (9th Cir. 1991). Even if all four conditions are met, the court may still exclude the evidence under Rule 403 when the probative value of the evidence is substantially outweighed by the danger of unfair prejudice.

Here, none of the exceptions in Rule 404(b) allowing for the admissibility of other acts by Officer Savage are applicable. Other acts alleged to have been committed by Officer Savage cannot be viewed as proof of a scheme or plan to violate civil rights of suspected criminals.

In *United States v. Miller*, 874 F. 2d 1255, 1269 (9th Cir. 1989), the key issue was whether admitting evidence of a prior bad act was too dissimilar from the activities alleged in the case. The court stated, "[I]f the prior act is not similar, it does not tell the jury anything about what the defendant intended to do in his later action – unless, of course, one argues (impermissibly) that the prior act establishes that the defendant has … propensity[y]." The court held that appellant's activities

6

in the prior case were too dissimilar from the subject case. The intent for the prior charge required that appellant "acted with intent," was dissimilar from the subject case, which required that appellant "knew or had reason to know." The court held the prior bad act inadmissible.

In this instant, the prior case involved a traffic stop of a vehicle under the suspicion that that vehicle's license plates were registered to a different vehicle. However, after the traffic stop had been initiated, but prior to making contact with the occupants, it was made known to Officer Savage that the original license plate search was done incorrectly, and that when the information was properly entered into the search the license plates being displayed matched the vehicles registration information with the State. Officer Savage stated that despite knowing that a mistake had been made, contact with the occupants of the vehicle because he wanted to explain the mistake to Plaintiffs, and to verify that the driver was in compliance with operating a vehicle on the road.

In the instant matter, the issue before the trier of fact is whether there was probable cause for the arrest under California Penal Code section 647(F) – intoxication, which requires proof that the suspect would be unable to exercise care for his or her own safety or the safety of others. The underlying elements necessary to sustain each arrest are unrelated and would not assist a jury in reaching its conclusion.

Since the questions to be resolved are whether, objectively, probable cause existed for Plaintiff's arrest and whether the use of force was reasonable, evidence of other acts of alleged misconduct have no bearing on those issues. *Gates v. Rivera*, 993 F. 2d 697, 700 (9th Cir. 1993).

Motive is not an issue I this case, as the existence of probable cause to make an arrest and the reasonableness of the use of force are judged using an objective standard without regard to motive. *Graham v. Connor*, 490 U.S. 386, 397-398 (1989); *Terry v. Ohio*, 392 U.S. 1, 21 (1968).

Any other unrelated acts of alleged misconduct, opinion evidence, or reputation evidence involving Officer Savage would not tend to prove a material issue in this case and thus should be excluded under Rule 404.

## IV

## **OTHER ACTS SHOULD BE EXCLUDED UNDER RULE 403**

Rule 403, Federal Rules of Evidence, provides as follows:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Rule 403 allows exclusion of relevant evidence of past or subsequent alleged officer misconduct when the probative value of that evidence is substantially outweighed by the danger of unfair prejudice. The trial court has wide discretion regarding the exclusion of evidence under Rule 403, and the ruling of the trial court will only be overturned for abuse of discretion. *Maddox v. City of Los Angeles*, 792 F. 2d 1408, 1417-1418 (9th Cir. 1986).

Here, the probative value of the March 30, 2010 incident in which Officer Savage allegedly detained the occupants of a vehicle after affirmatively *knowing there was no probable cause to detain them*. The alleged incident occurred at a time prior to the incident involving Plaintiff. It is dissimilar to the incident involving Plaintiff, as Officer Savage detained Plaintiff *after* Officer Savage personally observed Plaintiff exhibiting signs of public intoxication, rather than Officer Savage arresting Harrell for interfering with another arrest and an assault on a police officer.

Furthermore, any probative value of the alleged March 30, 2010 incident, or any other alleged incident of misconduct, is far outweighed by the fact that they would be highly prejudicial to Officer Savage, as the jury would be susceptible to believe that he was liable to Plaintiff based on the other alleged acts alone. *Miller v. Pancucci*, 141 F.R.D. 292 (C.D. Cal. 1992). When a witness is also the defendant,

8

evidence of other acts of alleged misconduct is more likely to be misused by the jury to find liability and thus should normally be excluded under Rule 403. *United States v. McFadyen –Sinder*, 552 F. 2d 1178, 1182 (6th Cir. 1977).

Moreover, the admission of other alleged acts of misconduct would consume an undue amount of time and would confuse and mislead the jury. It would be necessary to conduct a mini-trial with respect to each of the other incidents because Plaintiff apparently intends to use the evidence of those prior bad acts to support the proposition that the Defendant acted in conformity therewith in regard to the instant cause of action. Nonetheless, to avoid misleading the jury, the jury would need to hear testimony from Officer Savage and other witnesses to learn what in fact happened. The effect of the admission of other alleged acts would be trials within a trial which would take considerable time, and would distract and confuse the jury regarding the actual issues involved in this case.

The production of evidence and eliciting testimony from a substantial number of witnesses would be an unnecessary waster of the court's time. Further, evidence of the alleged March 2010 incident are of dubious probative value and is far outweighed by the fact that it would be unfairly prejudicial to Officer Savage. Therefore, such evidence should be excluded under Rule 403.

## V
## CONCLUSION

Evidence of other acts of alleged misconduct by Officer Savage, such as the alleged March 2010 incident, or opinion or reputation evidence of an alleged propensity of a specific character trait on his part would constitute character evidence which is inadmissible under Rule 404 of Federal Rules of Evidence. Additionally, any probative value of such evidence is far outweighed by the fact

///

///

///

9

that it would not only be unfairly prejudicial to Officer Savage, but that it would also confuse and mislead the jury so that they would likely find liability based on other unrelated acts, and not on the facts in the instant case.

Dated: April 6, 2015                    JAN I. GOLDSMITH, City Attorney


By */s/ Donald F. Shanahan*
    Donald F. Shanahan
    Lead Litigation Attorney

Attorneys for Defendants
Ariel Savage, Justin Mattly,